1  JERRY D. UNDERWOOD (STATE BAR NO. 202874)
   LAW OFFICES OF JERRY D. UNDERWOOD, A.P.C.
2  5241 E. Santa Ana Canyon Road, Suite 135
   Anaheim Hills, CA 92807
3  Telephone: (714) 998-9802

4  MARCELO A. DIEGUEZ (STATE BAR NO. 221951)
   DIEFER LAW GROUP, P.C.
5  2030 Main Street, Suite 1300
   Irvine, CA 92614
6  Telephone: (949) 260-9131

7  Attorneys For Plaintiff
   Susan Soto
8

9  John S. Baker (SBN 144073)
   *baker.john@dorsey.com*
10 Bryan M. McGarry (SBN 258156)
   *mcgarry.bryan@dorsey.com*
11 **DORSEY & WHITNEY LLP**
   600 Anton Boulevard, Suite 2000
12 Costa Mesa, CA 92626-7655
   Telephone: (714) 800-1400
13 Facsimile: (714) 800-1499

14 Attorneys for Defendant,
   loanDepot.com, LLC, a Delaware
15 Limited Liability Company
   (erroneously named as a California
16 Limited Liability Company)

17                UNITED STATES DISTRICT COURT
18
                  CENTRAL DISTRICT OF CALIFORNIA
19
                          SOUTHERN DIVISION
20

21 SUSAN SOTO, an individual,        )  **CASE NO. 8:15−cv−01126−CJC−DFM**
                                     )
22              Plaintiff,           )
                                     )  JOINT RULE 26(f) REPORT
23         vs.                       )
                                     )
24 LOANDEPOT.COM, LLC, a             )  Scheduling Conference:
   California Limited Liability      )  Date:    November 10, 2015
25 Company; and DOES 1 through 25,   )  No Appearances
   inclusive,                        )
26                                   )
                Defendants.          )
27                                   )
                                     )
28 _____   )

Plaintiff SUSAN SOTO (hereafter referred to as "Plaintiff") and defendant LOANDEPOT.COM, LLC, a Delaware Limited Liability Company (erroneously named as a California Limited Liability Company) (hereinafter referred to as "LOANDEPOT.COM" or "Defendant"), through their respective attorneys of record, submit this Joint Rule 26(f) Report ("Joint Report") pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and this Court's Order Setting Scheduling Conference.

**1. Summary of the Facts, Claims, and Defenses.**

**(a) Plaintiff's Statement:** Plaintiff alleges claims in this action for unlawful discrimination based on disability and religion, failure to prevent discrimination, and wrongful termination in violation of public policy against Defendant, Plaintiff's former employer.

Plaintiff was employed at by defendants beginning in July 2013 when she was hired as a Customer Care Analyst. Plaintiff was a qualified, exemplary, and dedicated employee, who regularly received positive reviews and promotions because of her outstanding work. On or about April 17, 2014, Plaintiff, as a Christian, requested to take time off from work on the afternoon of April 18, 2014 to attend religious services at church for Good Friday. After denying the request for time off, and thereafter, Plaintiff was subjected to a discrimination and retaliation in the workplace by Defendants, including denying Plaintiff the opportunity to take time off to care for her disabled daughter. On or about July 17, 2014, Plaintiff required a medical leave of absence due to the hospitalization of her daughter due to her disability resulting from hydrocephalus. Immediately thereafter on July 21, 2014, LOANDEPOT.COM terminated Plaintiff's employment.

**(b) Defendant's Statement:**

This is an employment lawsuit brought by Plaintiff, a former employee of

1  LOANDEPOT, against LOANDEPOT alleging: (1) disability discrimination; (2)
2  failure to provide reasonable accommodation; (3) failure to engage in the
3  interactive process; (4) discrimination in violation of FMLA and CFRA; (5)
4  discrimination based on religion; (6) failure to prevent discrimination; and (7)
5  wrongful termination in violation of public policy.  LOANDEPOT denies each
6  and every one of Plaintiff's allegations.  In addition to denying the factual
7  allegations, Defendant does not believe Plaintiff can premise a claim for disability
8  discrimination, failure to provide reasonable accommodation or failure to engage
9  in the interactive process on the alleged medical condition of Plaintiff's daughter.
10 LOANDEPOT contends these claims fail as a matter of law.

**2.   Synopsis of the Principal Issues**

   **(a)   Plaintiff.**

   1. Whether Defendant unlawfully discriminated against Plaintiff because of her relationship or association with her disabled daughter.
   2. Whether Defendant unlawfully discriminated or retaliated against Plaintiff in violation of the California Family Rights Act and Family and Medical Leave Act.
   3. Whether Defendant unlawfully discriminated against Plaintiff because of her religion.
   4. Whether Defendant failed to prevent discrimination.
   5. Whether Defendant wrongfully terminated Plaintiff's employment in violation of public policy.

   **(b)   Defendant.**

   1. Whether Plaintiff can establish a prima facie case of discrimination or retaliation.

    2. Whether Plaintiff is a qualified person with a disability, or associated with such a person, as used in Fair Employment and Housing Act.

    3. Whether Plaintiff can make out a case for failure to engage in the interactive process, or failure to provide reasonable accommodation.

    4. Whether Defendant had a legitimate, non-discriminatory basis for its actions.

    5. Whether Plaintiff can establish that any legitimate, non-discriminatory basis for Defendant's actions amounts to mere pretext.

    6. Whether Plaintiff is eligible for leave under the FMLA or CFRA.

**3. Statement Regarding Party Additions and Pleading Amendments.**

The Parties do not intend to add parties or claims at this time.

**4. Statement of Issues which May Be Determined by Motion.**

    **(a) Plaintiff's Statement:** None.

    **(b) Defendant's Statement.** Defendant contends that Plaintiff's claims may be determined by a motion for summary judgment, partial summary judgment or by motion for judgment on the pleadings. Defendant contends there are no genuine issues of material fact and Plaintiff's claims fail as a matter of law. Defendant anticipates noticing dispositive motions in accordance with the motion cut-off deadline. Defendant also anticipates the possibility of bringing motions in limine; however, due to the early stage of the case, Defendant cannot anticipate the grounds for these motions at this time.

**5. Statement Concerning Settlement Efforts.**

No settlement efforts have been undertaken yet.

**6. Settlement Procedure**

The parties have agreed to participate in mediation pursuant to Settlement Procedure No. 3, and will attempt to complete said settlement procedure by July 29, 2016.

**7.     The Parties' Discovery Plan.**

Pursuant to Rule 26(a)(1), initial disclosures will be exchanged on or before November 20, 2015.  The parties propose no other changes to the timing, form, or requirement for Rule 26(a) disclosures, and do not presently anticipate more than five depositions per side will be exceeded.

Plaintiff and Defendant's anticipated methods of discovery will include propounding written discovery in the form of interrogatories and requests for admissions, document production requests, and the taking of oral depositions of the parties and any other relevant party-affiliated and/or percipient witnesses identified by the Parties.

Plaintiff anticipates that discovery will be needed concerning Plaintiff's employment, termination, Defendant's policies and procedures as they relate to Plaintiff's employment, termination, and pay, and the basis for Plaintiff's termination, including all allegations supporting Plaintiff's termination.  Plaintiff presently anticipates taking 2-4 depositions of Defendant's employees with information relevant to Plaintiff's claims.

The subject matter of Defendant's discovery will be regarding the claims alleged in Plaintiff's Complaint, including but not limited to the nature and basis of the Parties' claims and defenses relevant to the legal issues associated therewith.  While it is difficult to comprehensively list the subjects for discovery at this early stage, the subjects of discovery by Defendant include, but are not limited to whether: (1) Plaintiff suffered any damages as a result of the alleged termination of her employment from LOANDEPOT; (2) the conduct alleged by Plaintiff meets the standards set forth in law; (3) Plaintiff adhered to the policies and procedures of LOANDEPOT; (4) Plaintiff has any documented disability; (5)

Plaintiff is associated with anyone with a documented disability, (6) the nature and extent of Plaintiff's daughter's alleged disability, and (7) other similar and/or related issues. Defendant also anticipates serving subpoenas on Plaintiff's current and former employers.

The Parties agree the Federal Rules of Civil Procedure will govern discovery in this action. Should additional discovery beyond what is allowable under the Federal Rules of Civil Procedure be necessary, the Parties agree to meet and confer in good faith to resolve the issues. Should the Parties be unable to resolve discovery issues, both Parties reserve their right to bring matters before the Court. The Parties do not anticipate any issues as to the disclosure or discovery of electronic information and will meet and confer as to the form of disclosure if necessary.

The parties do not contemplate a need for discovery to be conducted in phases or focused upon particular issues. The parties anticipate all non-expert discovery to be completed by August 1, 2016.

**8. Expert Witnesses**

Initial expert disclosures shall be completed by August 1, 2016 and rebuttal expert disclosures shall be completed by August 29, 2016. Expert discovery shall be completed by September 16, 2016.

**9. Statement Concerning Trial.**

Plaintiff requests a jury trial. Plaintiff anticipates a five (5) day trial. Plaintiff presently anticipates calling approximately 4-7 witnesses, and 1-2 expert witnesses. The trial will be conducted by the attorneys on the caption.

Defendant anticipates calling between 2 and 6 lay witnesses, depending on who Plaintiff calls, and between 1 and 2 expert witnesses. Defendant anticipates a four to six day trial.

**10. Complex Case [L.R. 26-1(a)]**

The Parties agree this is not a complex case which requires all or part of the

1 | Manual for Complex Litigation to be utilized.

2 | **11.  Statement of Issues Affecting the Status or Management of the Case.**

3 | None at this time.

                                          Respectfully Submitted,

DATED:  October 27, 2015        LAW OFFICES OF JERRY D. UNDERWOOD, A.P.C.

*Jerry D Underwood*
_____
Jerry D. Underwood
Attorney for Plaintiff Susan Soto

DATED:  October 27, 2015        DORSEY & WHITNEY LLP

*/s/ Bryan M. McGarry*
_____
John S. Baker
Bryan M. McGarry
Attorneys for Defendant loanDepot.com, LLC, a Delaware Limited Liability Company (erroneously named as a California Limited Liability Company)